# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3659

_____

United States of America

*Plaintiff - Appellee*

v.

Lester Waters, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: January 20, 2022
Filed: February 7, 2022
[Unpublished]

_____

Before COLLOTON, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Lester Waters Jr. received a 240-month sentence after a jury found him guilty of four counts of assault, 18 U.S.C. § 113(a)(3), (a)(6), and two counts of discharging a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii). An *Anders* brief questions whether the district court[1] should have suppressed Waters's pre-*Miranda*-

_____

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Daneta Wollmann, United States Magistrate Judge for the District of South Dakota.

warning statements. *See Anders v. California*, 386 U.S. 738 (1967); *see also Miranda v. Arizona*, 384 U.S. 436 (1966). And a pro se supplemental brief raises a host of other issues.

We conclude that the challenged statements were admissible. Some were made "on his own initiative," *Stumes v. Solem*, 752 F.2d 317, 322–23 (8th Cir. 1985); others related to "public safety," *United States v. Jones*, 842 F.3d 1077, 1082 (8th Cir. 2016); and still others were responses to requests for clarification, *see Butzin v. Wood*, 886 F.2d 1016, 1018 (8th Cir. 1989).

Waters's pro-se claims do not fare any better. He has not raised a colorable challenge to the composition of the jury pool, *see United States v. Rodriguez*, 581 F.3d 775, 790 (8th Cir. 2009); the jurors themselves did not commit any prejudicial misconduct, *see United States v. Tucker*, 137 F.3d 1016, 1030 (8th Cir. 1998); and there is no evidence that any of the witnesses perjured themselves, *see United States v. Lewis*, 976 F.3d 787, 796 (8th Cir. 2020). Nor was he entitled to have the jury instructed on a lesser-included offense, *see United States v. Felix*, 996 F.2d 203, 208 (8th Cir. 1993); or have the government disclose anything else, *see United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016). Finally, he cannot now challenge the admissibility of his *own* evidence from trial. *See Ohler v. United States*, 529 U.S. 753, 755 (2000).

We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____